**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTINE LIVINGSTON, et al., | CASE NO. 1:12-cv-01427-LJO-SKO |
| Plaintiffs, | **ORDER ON MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE** (Docs. 5, 6) |
| vs. | |
| KEMPER SPORTS MANAGEMENT INC., et al., | |
| Defendants. | |
| _____/ | |

**I. INTRODUCTION**

This action arises from the alleged discrimination Mark Livingston ("Mr. Livingston") experienced while working for the Ridge Creek Dinuba Golf Club ("Ridge Creek"). Mr. Livingston is deceased. This action is brought by Mr. Livingston's wife, Kristine Livingston; his minor son, Izaak Livingston; and his two adult sons, Jason and Wesley Livingston (collectively "plaintiffs"). Plaintiffs allege seven claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12900, *et seq.*, against Kemper Sports Management, Inc. ("Kemper Sports") and Ridge Creek (collectively "defendants"). Kemper Sports seeks to dismiss the complaint in its entirety without leave to amend on the ground that plaintiffs lack standing. Kemper Sports has also filed a request for judicial notice. Plaintiffs oppose Kemper Sports' motion to dismiss. For the reasons discussed below, this Court GRANTS WITH LEAVE TO AMEND Kemper Sports' motion to dismiss and GRANTS Kemper

Sports' request for judicial notice.

## II. BACKGROUND

**A. Facts**[1]

In May 2007, defendants hired Mr. Livingston as the golf course superintendent for Ridge Creek. Mr. Livingston was a highly-regarded professional golf course superintendent with over thirty years of experience. Mr. Livingston was fifty five years old and one of the more highly paid employees. He was paid a salary plus a subjective bonus to be determined by defendants. In August 2009, management awarded Mr. Livingston a performance based bonus. Mr. Livingston was never paid the bonus despite his requests for it.

Plaintiffs allege that Mr. Livingston was unlawfully suspended and later terminated based on his age, disability, and gender. With regard to Mr. Livingston's age, plaintiffs allege that defendants used the following incident as a pretextual reason to suspend and later terminate him. Plaintiffs allege that without Mr. Livingston's knowledge two of his employees, Bob and Teresa Tillima, punched each other in and out of the company time clock. This allowed the duo to fraudulently obtain pay for hours they did not work in violation of company policy. Rather than discipline the wrongdoers, defendants suspended Mr. Livingston for his failure to detect the time card fraud and eventually terminated him. Defendants then promoted the Tillimas to assume many of Mr. Livingston's duties but for much less pay. Teresa Tillima is younger than Mr. Livingston. Plaintiffs allege that defendants used the time card fraud as a pretextual reason to suspend and later terminate Mr. Livingston so defendants would not have to pay his bonus or salary.

With regard to disability, plaintiffs allege that although Mr. Livingston was generally in good health, after he was suspended his health quickly declined. He could not sleep and sought medical attention. Plaintiffs allege that defendants failed and refused to accommodate Mr. Livingston's medical problems, failed to engage in the interactive process with him, and discriminated against him on account of his disability when it terminated him shortly after learning of his medical problems.

---

[1] The background facts are derived from plaintiffs' complaint. (Doc. 2, p. 11). This Court accepts the factual allegations in plaintiffs' complaint as true for purposes of this motion. *See Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

2

Plaintiffs further allege that defendants targeted Mr. Livingston for termination based on gender because he pointed out that some female employees were not complying with the company's dress code. The Kemper Sports and Ridge Creek handbook requires female golf shop attendants to wear polo-style golf shirts with the company logo and forbids the use of low rise pants. Kemper Sports and Ridge Creek management however, permitted and/or encouraged some female employees to wear non-uniform shirts that exposed part of their breasts and/or low cut pants. When Mr. Livingston reported the revealing clothing, defendants refused to enforce its own dress code and retaliated against Mr. Livingston by suspending and then terminating his employment.

Defendants terminated Mr. Livingston on March 15, 2010. Approximately eight days later, on March 23, 2010, Mr. Livingston suffered a heart attack and died. Plaintiffs allege that defendants unlawful conduct caused Mr. Livingston such anxiety and stress as to cause him to suffer a fatal heart attack. Plaintiffs filed an administrative complaint with California's Department of Fair Employment and Housing ("DFEH") on March 11, 2011, and were issued a right to sue letter on March 16, 2011.

**B. Procedural History**

On March 14, 2012, plaintiffs filed a complaint against Kemper Sports, Ridge Creek, and Does 1-100 in Tulare County Superior Court. (Doc. 2, p. 11). On August 30, 2012, defendants removed the action to this Court based on diversity jurisdiction. (Doc. 2). Plaintiffs assert the following FEHA claims against defendants: (1) age discrimination; (2) gender discrimination/disparate treatment; (3) disability discrimination; (4) failure to engage in interactive process; (5) failure to provide reasonable accommodations; (6) failure to take all reasonable steps to prevent discrimination and retaliation; and (7) retaliation for complaints and protestation of discrimination.

Now before the Court is Kemper Sports' motion to dismiss filed on September 6, 2012. (Doc. 5). Kemper Sports argues that plaintiffs' complaint should be dismissed in its entirety because plaintiffs lack standing to bring their FEHA claims. (Doc. 5). Also, before the Court is Kemper Sports' request for judicial notice. (Doc. 6). Plaintiffs filed an opposition to the motion to dismiss (Doc. 11) to which Kemper Sports replied (Doc. 13). This Court found the motion suitable for a decision without oral argument, pursuant to Local Rule 230(g), and vacated the October 25, 2012, hearing date. (Doc. 14).

## III. REQUEST FOR JUDICIAL NOTICE

Kemper Sports requests the Court to take judicial notice of the "Department of Fair Employment and Housing's complete investigation record of *Livingston/KemperSports Mgmt., Ridge Creek Dinuba Golf Club* (Case No. E201011C0741-00-apsc), dated June 17, 2011." (Doc. 6). The record consists of the DFEH complaint and right to sue letter. The Court GRANTS Kemper Sports' request for judicial notice and takes judicial notice of the investigation record, but does not accept the allegations contained within as true.[2] *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223, n.2 (9th Cir. 2004) (The Court "may take judicial notice of a record of a state agency not subject to reasonable dispute."); *see also Davenport v. Bd. of Tr. of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) (taking judicial notice of DFEH-related documents on grounds that they are official records of a state administrative agency).

### IV. MOTION TO DISMISS

**A. Legal Standard**

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

---

[2] "Generally, a court may not consider material beyond the complaint in ruling on a FED. R. CIV. P. 12(b)(6) motion. However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotation marks and citations omitted). Here, the investigation record is not subject to dispute.

4

*Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B. Standing**

Kemper Sports contends that plaintiffs, as non-employee heirs, lack standing to assert their FEHA discrimination and retaliation claims. This Court agrees.

> [The FEHA] predicates potential liability on the status of the defendant as an employer. The fundamental foundation of liability is the existence of an employment relationship between the one who discriminates against another and that other who finds himself the victim of that discrimination. [The] FEHA requires some connection with an employment relationship, although the connection need not necessarily be direct.

5

*Vernon v. State*, 116 Cal. App. 4th 114, 123 (Ct. App. 2004) (internal quotation marks and citations omitted); *see also Shephard v. Loyola Marymount Univ.*, 102 Cal. App. 4th 837, 842 (Ct. App. 2002) ("In order to recover under the discrimination in employment provisions of the FEHA, the aggrieved plaintiff must be an employee.").

In this case, it is clear that the victim of the alleged employment discrimination was Mr. Livingston and that an employment relationship existed between Mr. Livingston and defendants. It is also clear that an employment relationship does not exist between plaintiffs and defendants nor do plaintiffs allege that they were the victims of discrimination. Because an employment relationship does not exist between plaintiffs and defendants and because plaintiffs were not the victims of the alleged discrimination, plaintiffs lack standing to assert their FEHA claims against defendants.

Plaintiffs argue that they have standing to assert their claims because Cal. Govt. Code § 12960(b) does not limit the right of a non-employee heir to seek relief under the FEHA.

Cal. Govt. Code § 12960(b) provides that:

> [a]ny person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of, and that shall set forth the particulars thereof and contain other information as may be required by the department.

Plaintiffs latch onto the "any person" language and urge a broad reading of the statute. Plaintiffs' argument is unpersuasive in light of the Supreme Court's recent interpretation of the phrase "person claiming to be aggrieved" in the Title VII context. *See Thompson v. North American Stainless, LP*, 131 S. Ct. 863 (2011). In *Thompson*, the Supreme Court determined that the term "aggrieved" in Title VII incorporates the "zone of interests" test set forth under the Administrative Procedure Act. *Id*. at 870. The "zone of interests" test allows "suit by any plaintiff with an interest arguably sought to be protected by the statutes, while excluding plaintiffs who might technically be injured in an Article III sense but whose interests are unrelated to the statutory prohibitions in Title VII." *Id*. (internal quotation marks and citations omitted).

Applying the test here, plaintiffs fall outside the zone of interests protected by the FEHA. The FEHA establishes a civil right to be free from employment discrimination based on certain

6

classifications including physical and mental disability, medical condition, sex, gender, and age. Cal. Govt. Code § 12921(a). The FEHA also "expresses a legislative policy that it is necessary to protect and safeguard that right." *Vernon*, 116 Cal. App. 4th at 123; Cal. Govt. Code § 12920. Here, plaintiffs' civil right to be free from employment discrimination was never violated. None of the alleged unlawful acts were directed at plaintiffs nor did any plaintiff have an employment relationship with defendants. Accordingly, plaintiffs fall outside the zone of interests protected by the FEHA.

Kemper Sports' motion to dismiss plaintiffs' complaint is GRANTED.

**C. Leave to Amend**

The Court must now determine whether plaintiffs should be granted leave to amend. Kemper Sports contends that leave to amend would be futile because, to the extent plaintiffs wish to pursue a survivor action, they are now time barred from asserting such a claim. Plaintiffs raise several arguments as to why they would not be time barred from bringing a survivor or wrongful death action and thus, seek leave to amend. The Court will address each potential cause of action in turn.

**1. Potential Survivor Action**

The statute of limitations applicable to a survivor action is the limitations period that would have been applicable if the decedent had not died. Cal. Code Civ. Proc. § 366.1(b). A FEHA claim must be filed within one year of receipt of a right to sue letter from the DFEH. Cal. Govt. Code § 12965(b); *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1099 (Ct. App. 1997). The DFEH right to sue letter in this case was issued on March 16, 2011. Thus, the statute of limitations on plaintiffs' survivor action expired on March 16, 2012.

**a. "Relation Back" Doctrine**

Plaintiffs argue that they would not be time barred from bringing a survivor action because of the "relation back" doctrine.

> The relation-back doctrine deems a later-filed pleading to have been filed at the time of an earlier complaint which met the applicable limitations period, thus avoiding the bar. In order for the relation-back doctrine to apply, the amended complaint must (1) rest on the *same general set of facts,* (2) involve the *same injury,* and (3) refer to the *same instrumentality,* as the original one. In addition, a new plaintiff *cannot* be joined after the statute of limitations has run where he or she seeks to enforce an *independent right* or to impose greater liability upon the defendant.

7

*Quiroz v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1278 (Ct. App. 2006) (internal quotation marks and citations omitted) (emphasis in original).[3] In *Quiroz*, the California Court of Appeal held that a survivor action did not relate back to a timely filed wrongful death action because the survivor cause of action was technically asserted by a different plaintiff who sought compensation for a different injury. *Id*.

Here, plaintiffs seek compensation for their own injuries. A survivor action, on the other hand, is a cause of action that survives the death of a person and is enforceable by the decedent's personal representative or successor in interest for the loss or damage the decedent sustained before death. *Id*. at 1264-65. Thus, a survivor action would not relate back to the timely filed FEHA claims. As in *Quiroz*, the survivor action would technically be brought by a different plaintiff who sought compensation for a different injury. *Id*. at 1278. Accordingly, plaintiffs would not be permitted to file a survivor action pursuant to the relation back doctrine.

**b. Equitable Tolling**

Plaintiffs contend that even if their survivor action does not relate back, they are entitled to equitable tolling.

> Three factors determine whether the statute of limitations is equitably tolled in a particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim.

*Downs*, 58 Cal. App. 4th at 1100.

*(1) Timely notice:* "The timely notice requirement essentially means that the first claim must have been filed within the statutory period." *Tarkington v. California Unemployment Ins. Appeals Bd.*, 172 Cal. App. 4th 1494, 1503 (Ct. App. 2009) (internal quotation marks omitted). "[T]he filing of the first claim must alert the defendant in the second claim of the need to begin investigating the facts which

---

[3] Because the majority of circuit courts hold that FED. R. CIV. P. 15(c)(1) broadly "incorporates the relation-back rule of the law of a state when that state's law provides the statute of limitations," *Saxton v. ACF Indus.*, 254 F.3d 959, 963 (11th Cir. 2001) (collecting cases), this Court will apply California's relation back rules. *See also* FED. R. CIV. P. 15, Commentary, 1991 Amendment (Paragraph (c)(1)) ("Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").

form the basis for the second claim. Generally this means that the defendant in the first claim is the same one being sued in the second." *Id*.

Here, the timely notice requirement is satisfied. Plaintiffs' first claim, their FEHA claims, were filed within the statutory period. Plaintiffs had one year from receipt of their right to sue letter to file a civil action. Plaintiffs received their right to sue letter on March 16, 2011, and filed their complaint on March 14, 2012. Therefore, plaintiffs' first claim was timely. In addition, the defendants in the first claim would likely be the same defendants in the second claim. Plaintiffs brought their FEHA claims against Kemper Sports and Ridge Creek. Presumably plaintiffs would bring their survivor action against Kemper Sports and Ridge Creek as well. Thus, the timely notice requirement would be satisfied.

*(2) Lack of prejudice:* "The second prerequisite essentially translates to a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Tarkington*, 172 Cal. App. 4th at 1504 (quoting *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 925 (Ct. App. 1983)) (internal quotation marks omitted). "So long as the two claims are based on essentially the same set of facts timely investigation of the first claim should put the defendant in position to appropriately defend the second. Once he is in that position the defendant is adequately protected from stale claims and deteriorated evidence." *Id*.

Here, so long as plaintiffs base their survivor action on the same set of facts alleged in the instant complaint, there would be no prejudice. The facts in the instant complaint are the same facts alleged in plaintiffs' DFEH complaint filed in March 2011. The only difference in a survivor action would be a change in legal theory, *i.e.*, plaintiffs' claims would be brought on behalf of Mr. Livingston. Accordingly, defendants have had ample time to prepare and investigate the matter and are thus, in a position to appropriately defend a survivor action.

*(3) Good faith and reasonable conduct:* "The third requirement of good faith and reasonable conduct may turn on whether 'a plaintiff delayed filing the second claim until the statute on that claim had nearly run,' or 'whether the plaintiff [took] affirmative action which misle[d] the defendant into believing the plaintiff was foregoing his second claim.'" *Id.* at 1505 (quoting *Collier*, 142 Cal. App. 3d at 926).

The record as it currently stands shows that plaintiffs have acted reasonably and in good faith. Plaintiffs filed the DFEH complaint and the instant complaint in a timely manner. It does not appear that plaintiffs have misled defendants into believing that they do not wish to assert a survivor action as plaintiffs raised the issue in their opposition to the instant motion to dismiss. Accordingly, so long as plaintiffs file an amended complaint, which alleges the survivor action, in a timely manner, plaintiffs will have acted reasonably and in good faith.

In sum, the Court finds that plaintiffs could be entitled to equitable tolling.[4]

**2. Potential Wrongful Death Action**

With regard to a potential wrongful death claim, California's wrongful death statute of limitations runs two years from the date of death. Cal. Code Civ. P. § 335.1. Mr. Livingston died on March 23, 2010. Thus, the statute of limitations on plaintiffs' wrongful death action expired on March 23, 2012.

**a. "Relation Back" Doctrine**

Plaintiffs assert that they would not be time barred from bringing a wrongful death action because of the "relation back" doctrine.

As discussed above, "[i]n order for the relation-back doctrine to apply, the amended complaint must (1) rest on the *same general set of facts,* (2) involve the *same injury,* and (3) refer to the *same instrumentality,* as the original one." *Quiroz*, 140 Cal. App. 4th at 1278 (Ct. App. 2006) (internal quotation marks omitted) (emphasis in original).

A wrongful death cause of action would relate back to the timely filed FEHA claims. The purpose of a wrongful death claim is to compensate heirs for the loss of companionship and for other losses suffered as a result of a decedent's death, *id*. at 1263, which is exactly the type of injury alleged in connection with plaintiffs' timely filed FEHA claims. Accordingly, so long as plaintiffs' wrongful death claim rests on the same general set of facts and refers to the same instrumentality as in the instant

---

[4] The fact the administrative complaint is in Mr. Livingston's name and not plaintiffs is of no consequence given that plaintiffs will assert the survivor action on Mr. Livingston's behalf. In addition, the DFEH complaint was properly signed by plaintiffs' attorney. *See Blum v. Superior Court*, 141 Cal. App. 4th 418, 428 (Ct. App. 2006) ("An attorney may verify a DFEH complaint for his or her client by subscribing his or her own name to the complaint.").

case, plaintiffs would be permitted to file a wrongful death action pursuant to the relation back doctrine.

**b. Exclusivity Provisions of Workers' Compensation Act**

Kemper Sports argues that to the extent plaintiffs have a wrongful death claim, the claim is barred by the exclusivity provisions of California's Workers' Compensation Act.

Generally, California's Workers' Compensation Act is the exclusive remedy for injuries arising out of and in the course of employment. *Claxton v. Waters*, 34 Cal. 4th 367, 373 (2004). Claims based on conduct contrary to fundamental public policy, however, such as sexual or racial discrimination, are not subject to the exclusivity provisions of the Act. *Id.*; *see also Bagatti v. Dep't of Rehab.*, 97 Cal. App. 4th 344, 368 (Ct. App. 2002) (concluding that "the Workers' Compensation Act [did] not provide the exclusive remedy for plaintiff's FEHA claim").

Plaintiffs seek leave to amend in order to bring a wrongful death claim based on their allegations that Mr. Livingston's death was proximately caused by defendants' FEHA violations. If plaintiffs were to bring a wrongful death claim based on defendants' alleged FEHA violations the claim would be based on conduct contrary to fundamental public policy. *See* Cal. Govt. Code § 12920.[5] Thus, plaintiffs' wrongful death claim would not be barred by the exclusivity provisions of the Workers' Compensation Act. *See Bagatti*, 97 Cal. App. 4th at 368.

Plaintiffs' request for leave to amend is GRANTED.

### V. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS Kemper Sports' request for judicial notice and
2. GRANTS WITH LEAVE TO AMEND Kemper Sports' motion to dismiss.

IT IS SO ORDERED.

**Dated:   October 26, 2012**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

[5] Cal. Govt. Code § 12920 provides: "It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of . . . physical disability, mental disability, medical condition . . . sex, gender, . . .[or] age."