# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE LIVINGSTON, et al. | Case No. 1:12-cv-01427-LJO-SKO |
| Plaintiffs, | **ORDER REGARDING PARTIES' DISCOVERY DISPUTE** |
| v. | **ORDER VACATING HEARING SET FOR OCTOBER 16, 2013** |
| KEMPERSPORTS MANAGEMENT, INC., | **ORDER SETTING TELEPHONIC CONFERENCE FOR OCTOBER 23, 2013** |
| Defendant. | |

On September 4, 2013, Defendant Kempersports Management, Inc. ("Defendant") filed a motion to compel seeking an order requiring Plaintiffs to serve further responses to Defendant's requests for production of documents, special interrogatories, request for production of documents and inspection of tangible things, and seeking to compel the deposition of Plaintiff Kristine Livingston. (Doc. 27.)

The parties agreed to resolve the dispute via an informal telephonic conference, which was set for October 9, 2013. The parties submitted letter briefs to the Court, and served those briefs on each other. The parties appeared for a telephonic conference on October 9, 2013, at 10:00 a.m. Dean Gordon, Esq., appeared on behalf of Plaintiffs and Michael Burns, Esq., and Matthew Mason, Esq., appeared on behalf of Defendant. The following issues were discussed and decided

during the telephonic conference.[1]

## 1. The Deposition of Plaintiff Kristine Livingston

Plaintiffs' counsel, Mr. Gordon, indicated that Kristine Livingston would provide a doctor's note to Defendant's counsel, Mr. Burns, if Ms. Livingston is unable to travel to California for her deposition. If her physician determines that she is unable to travel to California, Ms. Livingston's deposition will take place in Idaho. Mr. Gordon shall provide this information to Mr. Burns **on or before October 15, 2013**. The parties also scheduled Ms. Livingston's deposition for **November 7, 2013**.

## 2. Initial Disclosures

Defendant shall supplement its initial disclosures with the phone number and addresses of the witnesses identified by Defendant to the extent that information has not been provided. Defendant may contact these potential witnesses to inform them that their information will be or has been provided to Plaintiffs' counsel, and that they may be contacted by Plaintiffs' counsel regarding this case. Defendant shall also supplement its initial disclosure regarding the subject of the information these witnesses are likely to provide, to the extent reasonably known or anticipated by Defendant.

Plaintiffs shall supplement their initial disclosures providing a more detailed summary of the subject matter of identified potential witness' expected testimony, to the extent reasonably known or anticipated by Plaintiffs.

The parties shall provide their supplemental initial disclosures **by no later than October 16, 2013**.

## 3. Plaintiffs' Responses to Defendant's Requests for Production, Set One

### a. Plaintiffs' Untimeliness Is Excused

Defendant propounded Requests for Production of Documents ("RFPs") to Plaintiffs Kristine Livingston, Jason Livingston, and Wesley Livingston in March 2013. Although Plaintiffs were untimely in serving their responses to each of these RFPs, the Court has excused the untimeliness because an extension of time to respond was sought only one day after the deadline,

---

[1] The factual background is well-known to the parties and will not be set forth in this order.

2

the untimeliness appears due to inadvertence rather than bad faith, and Defendant suffered no prejudice as a result of the one-day delay. Therefore, Plaintiffs have not waived all objections to Defendant's RFPs.

### b. Inadvertent Disclosure of Attorney-Client Privileged Document

As it pertains to a privileged communication that was inadvertently disclosed by Plaintiffs, the disclosure has not waived Plaintiffs' attorney-client privilege with respect to that document or its subject matter. However, the Court notes that no request to claw-back the document was made until the time of the informal discovery conference. **Plaintiffs are cautioned that any further inadvertent disclosures of privileged documents without proper attempts to remedy the disclosure will be deemed a waiver of the privilege.**

### c. Plaintiffs' RFP Responses are Deficient and Must be Supplemented

Plaintiffs' responses to the RFPs are substantively deficient, and Plaintiffs must supplement all their response, as discussed below.

First, responses to any RFP that did not **expressly** set forth an objection constitutes a waiver of any objection. *See Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court. For Dist. Of Mont.* 408 F.3d 1142 (9th Cir. 2005) (blanket refusals or boilerplate objections are insufficient to state a privilege). For example, many of the RFP responses state that the "Responding Party will produce all non-privileged documents currently in her possession, care, custody, or control that are responsive to this demand. Investigation and discovery are continuing." Such a response constitutes a waiver of any applicable objections.[2] Therefore, **any** documents responsive to RFPs answered in this manner must be produced, whether or not an unasserted privileged could have applied.

Second, as it pertains to RFP responses where Plaintiffs stated an express objection based on a specific privilege, no privilege log has been produced. Plaintiffs must supplement their responses to include a privilege log for any privilege objection stated.

---

[2] Plaintiffs asserted specific privilege objections to some RFPs, such as RFPs 56-61, so they were clearly aware of the need to assert an express objection based on privilege.

Third, in supplementing their responses to all the RFPs, Plaintiffs must provide Defendant with a statement of the efforts undertaken to search for and obtain responsive documents.

### d. Electronic Discovery

Finally, Defendant's RFPs – Set One and Set Two – included electronic discovery requests. Plaintiffs are required to supplement their responses to the RFPs seeking electronic discovery to provide any responsive documents related to Mark Livingston's employment with Kempersports, his death or the circumstances of his death, and electronic materials relating to how the Plaintiffs handled the loss of Mark Livingston following his death. This includes any emails and social media postings, and any emails or instant messages generated through a social media account of any of the Plaintiffs and Mark Livingston.

Plaintiffs must specifically set forth their efforts to search for and obtain responsive electronic materials.

**Plaintiffs Kristine, Jason, and Wesley Livingston shall supplement their responses to Defendant's RFPs, Set One and Set Two, by no later than October 18, 2013.**

**4. Special Interrogatory, Set One, No. 1 to Kristine, Jason, and Wesley Livingston**

Kristine, Jason, and Wesley Livingston each objected to Defendant's Special Interrogatory No. 1 on the grounds of relevance and privacy. Plaintiffs are to determine whether their damages include any emotional distress arising out of the death of Mark Livingston. To the extent that Plaintiffs will stipulate that there are no emotional distress damages being sought, no response to this interrogatory is required.

Plaintiffs' counsel shall discuss the issue of damages with Plaintiffs and shall inform Defendant's counsel by no later than Friday, October 11, 2013, regarding whether a stipulation can be reached on this issue. If no stipulation is reached, the parties are to discuss the scope of the information to be provided by Plaintiffs in response to the interrogatory, which will be more limited than currently requested by Defendant – responses will nonetheless be required.

**5. Special Interrogatories Nos. 6 -10 Propounded on Jason Livingston**

Plaintiffs indicate they are willing to stipulate that Jason Livingston suffered no economic loss as a result of Mark Livingston's death. Plaintiffs will either provide such a stipulation to

Defendant by **no later than Friday, October 11, 2013**, or provide supplemental responses to these interrogatories.

**6.     Special Interrogatories Nos. 6-7 Propounded on Plaintiffs as Successors-in-Interest**

Defendant propounded these interrogatories seeking information regarding Mark Livingston's family history of heart attacks and other heart-related illnesses.  Plaintiffs shall respond to the interrogatory by identifying any blood relatives of Mark Livingston whom Plaintiffs are aware have suffered from, or whose death resulted from, a heart attack or other heart-related conditions.  Upon identification of such individuals, the parties and the Court will revisit the scope of any additional information that is sought by Defendant.  Supplemental responses to these special interrogatories shall be served by **no later than October 18, 2013**.

**7.     Mirror Imaging of Plaintiffs' Computers**

Defendant's expert shall provide information regarding what further metadata is needed from Kristine Livingston's computer that would indicate when particular documents have been created, revised, or otherwise accessed.  Plaintiffs' expert shall then obtain the metadata requested by Defendant's expert.  Defendant agreed to provide its request for information, as set forth by its expert, by October 9, 2013, and Plaintiffs are to provide the requested metadata **by October 16, 2013.**

**8.     The Parties' Duty to Preserve Evidence**

Counsel shall impress upon their clients their duty to preserve all documents and materials, including electronic materials, that they know, or reasonably should know, are relevant to the action.  *See, e.g., WM. T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443, 1445 (C.D. Cal. 1984).  Where a party has destroyed or spoiled evidence, sanctions up to and including dismissal may be imposed depending on the severity of the violation of the duty to preserve.  *See Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806-07 (7th Cir. 1995).  Sanctions may be warranted even where destruction of evidence was not in bad faith.  *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 n.2 (9th Cir. 1993).

**9.      Further Discovery Conference**

Defendant has agreed to withdraw its request for a hearing on its formal motion to compel currently set for October 16, 2013.  A further telephonic informal discovery conference is set for October 23, 2013, at 11:30 a.m.  The parties should submit a joint statement of the outstanding issues to the Court via email (skoorders@caed.uscourts.gov) no later than October 21, 2013.  If a further telephonic conference is not necessary, the parties may stipulate to vacating the conference set for October 23, 2013.


IT IS SO ORDERED.

Dated:   **October 9, 2013**                              **/s/ Sheila K. Oberto**
                                                                   UNITED STATES MAGISTRATE JUDGE