# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE LIVINGSTON, et al. | Case No. 1:12-cv-01427-LJO-SKO |
| Plaintiffs, | |
| v. | **ORDER RE DISCOVERY DISPUTE** |
| KEMPERSPORTS MANAGEMENT, INC., | **ORDER SETTING TELEPHONIC CONFERENCE FOR NOVEMBER 12, 2013, AT 4:00 p.m.** |
| Defendant. | |
| _____/ | |

On September 4, 2013, Defendant Kempersports Management, Inc. ("Defendant") filed a motion to compel seeking an order requiring Plaintiffs to serve further responses to Defendant's requests for production of documents, special interrogatories, a request for production of documents and inspection of tangible things, and seeking to compel the deposition of Plaintiff Kristine Livingston. (Doc. 27.)

The parties agreed to resolve the dispute via informal telephonic conference, which was held on October 9, 2013. Following the informal telephone conference, the Court issued an order on October 9, 2013, setting forth the resolution of various issues and outlining the parties' further obligations. A further telephonic conference was set for October 23, 2013, which was continued to October 31, 2013, as Plaintiffs had not fully complied with the Court's October 9, 2013, order and the parties had not submitted the required joint statement.

On October 31, 2013, the parties appeared for two telephonic conferences. At both conferences, Dean Gordon, Esq., appeared for Plaintiffs and Michael Burns, Esq., and Matthew Mason, Esq., appeared for Defendant. The following issues were discussed and decided during the telephonic conferences.[1]

### 1.     Deposition of Kristine Livingston

Kristine Livingston's deposition shall take place **on November 7, 2013**, in Idaho. In light of Plaintiffs' continued delay in providing the requested computer information related to documents purportedly authored by Mark Livingston and modified by Kristine Livingston, Defendant shall have a total of ten (10) hours to complete this deposition. Defendant may allocate this time as it deems appropriate with respect to reserving time to continue the deposition after Kristine Livingston's computer has been mirror imaged and the relevant contents (as set forth below) have been reviewed. The parties shall discuss the format and location of any continued portion of the deposition.

### 2.     Forensic Review of Computer Hard Drive

Despite the fact that Defendant's request for metadata and inspection of Plaintiffs' computer has been pending since May 2013, Plaintiffs' expert has been unable to recover metadata from Kristine Livingston's computer pertaining to two documents which were purportedly created by Mark Livingston. As such, Plaintiffs are unable to accurately determine the creation date of these documents or whether, and in what respects, these documents have been modified. As Plaintiffs intend to admit these documents during trial, the hard drive of Kristine Livingston's computer shall be mirror-imaged to provide Defendant with information relevant to the creation and modification of these particular documents.

Plaintiffs' counsel shall verify whether a mirror image of Kristine Livingston's computer has already been created. If no mirror image exists, Plaintiff's expert shall create a mirror image of the hard drive by no later than **November 6, 2013**.[2] Meanwhile, by **November 4, 2013**, the parties are to discuss and propose a plan for either their respective experts or a neutral expert to

---

[1] The factual background is well-known to the parties and will not be set forth in this order.

[2] Defendant shall pay for the actual cost of the hard drive.

2

review the mirror image of the hard drive and to obtain the metadata for these documents.

Further, with respect to the duplicate document produced by Plaintiffs bates stamped LIV00054 and LIV00069 and entitled "Teresa Tillima time clock violation," Plaintiffs have confirmed that neither the author nor the date and time of creation of the document can be established. Due to Plaintiffs' continued inability to produce discovery necessary to verify the source and creation date of the document, this document is hereby EXCLUDED from use at trial. Fed. R. Civ. P. 37(b)(2)(A).

### 3. Documents Responsive to Requests for Production of Documents

The Court's order of October 9, 2013, stated that objections and privileges were waived as to a number of Defendant's Requests for Production of Documents ("RFPs") because no privilege or objection was expressly stated. Plaintiffs were ordered to provide supplemental responses no later than October 18, 2013. Plaintiffs failed to meet this deadline.

In their October 29, 2013, Joint Statement, Plaintiffs indicated that they are determining whether there are documents responsive to a discovery request for which the Court determined any privilege had been waived for Plaintiffs' failure to assert such privilege. In the Joint Statement, Plaintiffs' counsel further stated he anticipated producing all such documents by October 30, 2013. However, no such documents had been produced as of the October 31, 2013, telephone conference date. As such, Plaintiffs **must** produce any responsive documents **no later than November 5, 2013**, or risk sanctions for repeated failure to comply with the Court's order.

### 4. Special Interrogatories Nos. 6 and 7 to Plaintiffs as Successors-In-Interest re Mark Livingston's Family History of Heart Attacks/ Heart-Related Health Issues

By no later than **November 6, 2013**, Plaintiffs, as successors-in-interest, are to provide complete and verified responses indicating whether they are aware of any blood relative of Mark Livingston who suffers, or has suffered, from a heart condition/illness or a heart-related condition/illness. The responses must indicate whether Wesley or Jason Livingston themselves suffer from any heart condition/illness or heart-related condition/illness, and *both Wesley and Jason Livingston must verify the response*.

///

### 5. Special Interrogatories Nos. 1-3 to Jason and Wesley Livingston re Health Care

The Court finds that these interrogatories require no further response by Plaintiffs. The interrogatories are subsumed by the special interrogatory to the Plaintiffs as successors-in-interest, which is more narrowly tailored to protect the individual privacy interests raised by Plaintiffs. To the extent that Wesley and/or Jason Livingston indicate that they currently have or have had heart conditions/illnesses or heart-related conditions/illness, the scope of any production of medical records will be revisited at that time.

### 6. Request for Production No. 103 to Jason Livingston

Jason Livingston must provide a verified response to this RFP **no later than November 6, 2013**.

### 7. Facebook Social Media Production

Where Facebook or other social media messages and posts are responsive to discovery requests, Plaintiffs are to provide a copy of that message or post in its *original format*, with manual redactions as necessary to preserve privileged information. Amended responses are due no later than **November 6, 2013**.

### 8. Statement of Efforts to Obtain Responsive Documents

Plaintiffs shall provide a statement of the efforts undertaken to search for and obtain responsive documents; a general statement that a search was conducted is insufficient. Additionally, Plaintiffs are to describe the search for responsive emails with respect to the email account mlivingstongolf@aol.com. This statement must be provided to Defendant **no later than November 6, 2013.**

### 9. Verifications

Plaintiffs indicate that verification of the discovery responses have been obtained from Kristine and Wesley Livingston, but no verification from Jason Livingston is available. Jason Livingston shall provide a verification of the discovery responses **no later than November 6, 2013**.

//

**10.     Mandatory Compliance**

**The parties shall comply with the deadlines set in this order.** If the parties fail to meet these deadlines, a formal hearing will be set to show cause why sanctions should not be imposed on the noncomplying party pursuant to the Court's inherent power to manage its docket and to enforce its orders.

**11.     Further Telephonic Conference**

A further telephonic conference is SET for Tuesday, **November 12, 2013, at 4:00 p.m**. The parties shall initiate one joint conference call at the time and date for the informal telephonic status conference.

IT IS SO ORDERED.

Dated:   **November 1, 2013**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE