# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE LIVINGSTON, et al. | Case No. 1:12-cv-01427-LJO-SKO |
| Plaintiffs, | |
| v. | **ORDER ON PARTIES' DISCOVERY DISPUTE FOLLOWING TELEPHONE CONFERENCE** |
| KEMPERSPORTS MANAGEMENT, INC., | |
| Defendant. | |

On January 23, 2014, the parties appeared telephonically for an informal discovery conference. Dean Gordon, Esq., appeared on behalf of Plaintiffs; Michael Burns, Esq., and Matthew Mason, Esq., appeared on behalf of Defendant. The Court issues the following order regarding the parties' dispute following the telephone conference.

<u>Mark Livingston "Declaration"</u>

The parties are in agreement regarding the use of the "declaration" of Mark Livingston at trial. Therefore, Defendant's request to inspect Kristine Livingston's computer regarding that document is moot.

///

<u>Kristine Livingston "Declaration"</u>

There are allegedly two purported versions of the "declaration" of Kristine Livingston. The parties were unable to reach an agreement regarding the use of those documents at trial. Therefore, Defendant is entitled to inspect Kristine Livingston's computer with respect to those documents and any documents or evidence related to the creation, editing, or altering of her "declarations." Plaintiff advised the Court that he has obtained a mirror image of Kristine Livingston's computer and he will send it to a neutral expert agreed to by the parties, who will review the mirror image to recover any metadata or other electronic information regarding those documents. The neutral expert's review of the hard drive shall be completed by January 29, 2014, and the data recovered relating to these documents shall be delivered to defense counsel by no later than Friday, January 31, 2014.

<u>Teresa Tillima "Declaration"</u>

Duplicate documents bates stamped LIV00054 and LIV00069 entitled "Teresa Tillima declaration" were excluded by prior order of the Court. Specifically, on October 9, 2013, Plaintiffs were ordered to have their expert obtain the metadata regarding these documents as requested by Defendant by no later than October 16, 2013. Plaintiffs' expert was unable to recover any metadata and Plaintiffs failed to provide a report prepared by their expert to Defendant until October 17, 2013. Part of the metadata sought included information regarding the creation of document LIV00054 and LIV00069. Due to the fact that Plaintiffs were late in producing a report from their expert regarding the metadata and because Plaintiffs represented they had no way to verify the source or creation of these documents, the Court ordered as follows:

> With respect to the duplicate document produced by Plaintiffs bates stamped LIV00054 and LIV00069 and entitled "Teresa Tillima time clock violation," Plaintiffs have confirmed that neither the author nor the date and time of creation of the document can be established. Due to Plaintiffs' continued inability to produce discovery necessary to verify the source and creation date of the document, this document is hereby EXCLUDED from use at trial. Fed. R. Civ. P. 37(b)(2)(A).

(Doc. 35, 3:2-7.)[1]

---

[1] Metadata was also sought regarding the "declarations" of Mark and Kristine Livingston, but at a subsequent conference, the parties appeared to have reached agreement regarding the use of those documents thus mooting the

The exclusion of these duplicate documents was imposed as a discovery sanction for Plaintiffs' failure to produce metadata or an expert report timely, as ordered under Rule 37(a). At the January 23, 2014, conference Plaintiffs asked the Court to reconsider this exclusion sanction because they have discovered circumstantial evidence regarding the source of this document and wish to attempt to introduce the document at trial.

This discovery sanction will *not* be reconsidered absent a showing that Plaintiffs exercised reasonable diligence in discovering previously unavailable evidence regarding the date and time of creation of these duplicate documents. *See generally Ottovich v. City of Fremont*, No. C 09-4184 MMC, 2013 WL 3245162, * 3 (N.D. Cal. June 26, 2013); *see also All Hawaii Tours Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648 (D. Hawaii 1977), reversed on other grounds, 855 F.2d 860. Plaintiffs may seek electronic data related to these duplicate documents from the mutually agreed upon expert. To the extent that there is any such data that bears any relation to documents bates stamped LIV00054 and LIV00069, it shall be provided to Defendant no later than January 31, 2014. Notwithstanding the foregoing, duplicate documents bates stamped LIV00054 and LIV00069 shall remain EXCLUDED as a discovery sanction unless Plaintiff makes the necessary showing for reconsideration of that sanction on or before February 5, 2014.

IT IS SO ORDERED.

Dated:   **January 24, 2014**            **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

---

need for the discovery inspection request propounded by Defendant as pertaining to those documents and negating an exclusionary sanction as to those documents.

3