1  LAW OFFICES OF DEAN B. GORDON
   Dean B. Gordon (SBN 61311) dean@deangordonlaw.com
2  1200 East Olive Avenue
   Fresno, California 93728
3  Telephone:    (559) 221-7777
   Facsimile:    (559) 221-6812
4
   Attorneys for Plaintiffs
5  KRISTINE LIVINGSTON, IZAAK LIVINGSTON, JASON ALAN
   LIVINGSTON and WESLEY ALEXANDER LIVINGSTON
6
   SEYFARTH SHAW LLP
7  Michael J. Burns (SBN 172614) mburns@seyfarth.com
   Matthew J. Mason (SBN 271344) mmason@seyfarth.com
8  Chantelle C. Egan (SBN 257938) cegan@seyfarth.com
   560 Mission Street, 31st Floor
9  San Francisco, California  94105
   Telephone:    (415) 397-2823
10 Facsimile:    (415) 397-8549

11 Attorneys for Defendant
   KEMPER SPORTS MANAGEMENT, INC.
12 (erroneously sued as KEMPERSPORTS MANAGEMENT, INC.)

13
                    UNITED STATES DISTRICT COURT
14
                    EASTERN DISTRICT OF CALIFORNIA
15
                              FRESNO
16

17 | KRISTINE LIVINGSTON, Individually, and as Guardian ad Litem for IZAAK LIVINGSTON, a Minor, JASON ALAN LIVINGSTON, WESLEY ALEXANDER LIVINGSTON, as Survivors of Mark Livingston, Deceased, | Case No. 1:12-CV-01427-LJO-SKO |
|---|---|
| | **STIPULATION AND ORDER REGARDING PLAINTIFFS' VOLUNTARY DISMISSAL OF CLAIMS** |
| Plaintiffs, | |
| vs. | |
| KEMPERSPORTS MANAGEMENT, INC., | |
| Defendant. | |

        IT IS HEREBY STIPULATED AND AGREED, by the parties hereto, by and through their respective counsel of record, as follows:

1

1. In its February 1, 2013 Scheduling Order, Dkt. No. 26, the Court provided that, prior to filing a Motion for Summary Judgment, the parties were ordered to meet and confer for the purpose of (1) avoiding filing motions for summary judgment where a question of fact exists; (2) determining whether the respondent agrees that the motion has merit in whole or in part; (3) discussing whether issues can be resolved without the necessity of briefing; (4) narrowing the issues for review by the court; (5) exploring the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and (6) arriving at a joint statement of undisputed facts.

2. Through the meet and confer process, Plaintiffs have agreed to dismiss those portions of their survivor and wrongful death causes of action based on alleged disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, sex discrimination, and sex harassment. Defendant does not believe Plaintiffs alleged claims for sex discrimination or sex harassment in their First Amended Complaint. Defendant also believes, to the extent any of the alleged bases for Plaintiffs' survivor and wrongful death actions are stated by Plaintiffs, that they should have been stated as individual claims, and will be dismissed as individual claims here.

3. The Parties also expressly agree that, with this stipulation, neither party is waiving any right to seek costs, sanctions or any other redress from the other in connection with this litigation prior to the entry of this Stipulation.

IT IS HEREBY STIPULATED AND AGREED that Plaintiffs are voluntarily dismissing any claim, whether as an individual claim or as a basis for a survivor or wrongful death action, for: (1) disability discrimination; (2) failure to accommodate a disability; (3) failure to engage in the interactive process; (4) retaliation; (5) sex discrimination; or (6) sex harassment. Plaintiffs shall not be permitted to revive or assert any of these claims at any point up to and including trial. These claims, or Plaintiffs' claims for a survivor action or wrongful death action based on these alleged violations of the FEHA, shall be dismissed with prejudice.

IT IS FURTHER HEREBY STIPULATED AND AGREED that, because Plaintiffs have voluntarily agreed to dismiss the claims as stated herein, those claims shall not be the subject of Defendant's pending Motion for Summary Judgment.

IT IS FURTHER HEREBY STIPULATED AND AGREED that the only remaining claims, or the remaining bases for Plaintiffs' survivor action and wrongful death action, are as follows: (1) age discrimination in violation of the FEHA; (2) failure to prevent age discrimination in violation of the FEHA; and (3) wrongful death.  No further claims may be raised by Plaintiffs at any point during this litigation.

IT IS SO STIPULATED

DATED: April 10, 2014                    LAW OFFICE OF DEAN B. GORDON


By: _____/s/ Dean B. Gordon_____
　　　　　Dean B. Gordon

Attorneys for Plaintiffs
KRISTINE LIVINGSTON, IZAAK LIVINGSTON, JASON ALAN LIVINGSTON and WESLEY ALEXANDER LIVINGSTON


DATED: April 10, 2014                    SEYFARTH SHAW LLP


By: _____/s/ Matthew J. Mason_____
　　　　　Michael J. Burns
　　　　　Matthew J. Mason
　　　　　Chantelle C. Egan

Attorneys for Defendant
KEMPER SPORTS MANAGEMENT, INC. (erroneously sued as KEMPERSPORTS MANAGEMENT, INC.)

**ORDER**

The parties having so stipulated, and GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' claims, whether as an individual claim or as a basis for a survivor or wrongful death action, for: (1) disability discrimination; (2) failure to accommodate a disability; (3) failure to engage in the interactive process; (4) retaliation; (5) sex discrimination; or (6) sex harassment are hereby DISMISSED WITH PREJUDICE. Plaintiffs shall not be permitted to revive or assert any of these claims at any point up to and including trial.

2. The Parties shall not be required to address any of the dismissed claims in Defendant's anticipated Motion for Summary Judgment (and all related papers). The only claims to be addressed in the anticipated Motion for Summary Judgment and for all other purposes up to and including trial in this case shall be limited to the following claims and/or bases for claims: (1) age discrimination in violation of the FEHA; (2) failure to prevent age discrimination in violation of the FEHA; and (3) wrongful death. No further claims may be raised by Plaintiffs at any point during this litigation.

**SO ORDERED**
**Dated: April 10, 2014**

      /s/ Lawrence J. O'Neill
**United States District Judge**