Dean B. Gordon (SBN #061311)
LAW OFFICE OF DEAN B. GORDON
1220 East Olive Avenue
Fresno, California 93728
TEL: (559) 221-7777
FAX: (559) 221-6812

Attorney for Plaintiffs KRISTINE LIVINGSTON, IZAAK
MARK LIVINGSTON, a Minor, JASON ALAN LIVINGSTON,
and WESLEY ALEXANDER LIVINGSTON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| KRISTINE LIVINGSTON, Individually, and as Guardian ad Litem for IZAAK MARK LIVINGSTON, a Minor, JASON ALAN LIVINGSTON, WESLEY ALEXANDER LIVINGSTON, AS SURVIVORS OF MARK LIVINGSTON, DECEASED<br><br>Plaintiffs,<br><br>vs.<br><br>KEMPERSPORTS MANAGEMENT INC., RIDGE CREEK DINUBA GOLF CLUB, and DOES 1-100, inclusive;<br><br>Defendants. | No. 1:12 –CV-01427-LJO-SKO<br><br>**APPLICATION OF PETITIONER KRISTINE LIVINGSTON, GUARDIAN AD LITEM, FOR APPROVAL OF MINOR'S COMPROMISE FOR IZAAK MARK LIVINGSTON, A MINOR**<br>[FRCP 17, 83, L.R. 202) |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Petitioner KRISTINE LIVINGSTON, as mother and court appointed Guardian ad Litem of IZAAK MARK LIVINGSTON, a Minor, petitions this Court to approve the settlement reached with Defendant KEMPER SPORTS MANAGEMENT INC on behalf of said Minor.

1. Plaintiff and claimant is IZAAK MARK LIVINGSTON, who was born on July 29, 2010 and is a minor.

2. On April 30, 2012, the Tulare County Superior Court appointed Petitioner KRISTINE LIVINGSTON, the minor's mother as the court appointed guardian ad litem of IZAAK MARK LIVINGSTON in Case No. 246399. (A true and correct copy of the Order is attached as Exhibit "A" to the accompanying Declaration of Dean B. Gordon.)

3. Petitioner and the Minor reside at 5690 West Broadway, Idaho Falls, Idaho, 83402.

4. The claim of the Minor is the subject of this pending action that will be compromised without a trial on the merits of the claims against Defendant KEMPER SPORTS MANAGEMENT, INC. ("KEMPER SPORTS").

6. On or about March 11, 2010, Defendant KEMPER SPORTS terminated the employment of MARK LIVINGSTON, who it employed as Golf Superintendent at the Ridge Creek golf course in Dinuba, California, which it managed on behalf of the City of Dinuba.

7. On or about March 15, 2010, MARK LIVINSTON suffered a heart attack, which caused his death on or about March 23, 2010.

8. Petitioner is a Plaintiff in the suit arising out of the same incident from which the claims arise. However, Petitioner has waived all of her claims in this action against Defendant and has dismissed her claims with prejudice in exchange for a waiver of costs and fees.

9. Plaintiffs WESLEY ALEXANDER LIVINGSTON and JASON ALAN LIVINGSTON, are adult children of MARK LIVINGSTON, deceased, and are half-brothers of the Minor. WESLEY ALEXANDER LIVINGSTON and JASON ALAN LIVINGSTON have waived all of their claims against Defendant and dismissed their claims with prejudice in exchange for a waiver of costs and fees.

10. The Minor's claim is the subject of this pending action at the United States District Court, Eastern District, Case Number 1:10-cv-01427-LJO-SKO.

11. Attorney Dean B. Gordon, of The Law Office of Dean B. Gordon, 1220 East Olive Avenue, Fresno, California, 93728, represents Petitioner, the Minor, and the two other adult Plaintiffs.

12. The settling Defendant is KEMPER SPORTS, the former employer of Plaintiff's Father, MARK LIVINGSTON, (deceased.)

13. Plaintiffs claim in this litigation that Defendant KEMPER SPORTS unlawfully terminated MARK LIVINGSTON, causing MARK LIVINGSTON to suffer a fatal heart attack. Defendant vigorously disputes that it unlawfully terminated MARK LIVINGSTON and that the termination was a legal cause of his fatal heart attack.

14. MARK LIVINGSTON's death deprived the Minor of the economic support, love, care, and comfort of his father.

15. Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to said accident, the responsibility therefor, and the nature, extent and seriousness of said minor's injuries, as well as the difficulties presented in attempting to prove liability and damages in this case.

16. Petitioner fully understands that if Court approves the proposed compromise and it is thereafter consummated, that the Minor and that all of the other Plaintiffs will forever be barred and prevented seeking any further recovery of compensation.

17. The parties have agreed in open Court that the Court's approval of this Application will not affect any claims that any of the Plaintiffs have against Defendant pending before the Worker's Compensation Appeals Board.

18. Petitioner has agreed to resolve the Minor's claim against Defendant in exchange for a full release of all claims. Defendant (and/or its insurance carrier) will pay a total of $57,500,000 as follows:

    A. Defendant will fund a structured settlement on behalf of the Minor with a present value of $25,000. (A true and correct copy of a summary of the proposed Structured Settlement is attached as Exhibit "B" to the accompanying Declaration of Dean B. Gordon.)

    B. Defendant will pay to Plaintiffs' attorney, Dean B. Gordon, $20,000 as reimbursement for his reasonable costs expended. (A true and correct summary of the costs incurred is attached as Exhibit "C" to the accompanying Declaration of Dean B. Gordon.)

    C. Defendant will pay to Plaintiffs' attorney, Dean B. Gordon, $12,550 as attorney fees.

19. Petitioner and Plaintiffs' attorney hereby recommend this compromise settlement to the Court as being fair, reasonable, and in the best interest of the Minor.

20. The Minor has no past medical expenses related to the subject matter of this action.

21. As detailed in the accompanying declaration of Dean B. Gordon, the total amount of attorney's fees requested is $12,500 (or 33 1/3% of the settlement after costs, together with costs of $20,000 for a total of $32,500.

22. The balance of proceeds after payment of all requested fees and expenses is $25,000.00.

23. Attorney Dean B. Gordon, who prepared this Petition, is requesting payment of one-third of the net recovery after costs, subject to court approval as the Minor. Said counsel hereby represents to the court that he does not represent any party other than Plaintiffs, that he did not become concerned with this matter at the instance of the party against whom the claim of said minor person is asserted and that he will receive $12,500 as compensation for his services as a result of the settlement with Defendant KEMPER SPORTS in this action. Counsel does not expect to receive any other compensation, other than that requested herein, as settlement has been reached by all Plaintiffs with Defendant.

24. Petitioner requests that the balance of proceeds from the settlement ($25,000.00) be paid according to the structured settlement, a true and correct copy of which is attached as Exhibit "B" to the Declaration of Dean B. Gordon.

25. Petitioner recommends the compromise settlement and proposed distribution of the settlement proceeds for the Plaintiff to the court as being fair, reasonable, and in the best interest of the Plaintiff and requests that the court approve this compromise settlement and proposed disposition and make such other and further orders as may be just and reasonable.

DATED: August 12 2014

_____
KRISTINE LIVINGSTON, Petitioner, as Guardian ad Litem for IZAAK MARK LIVINGSTON, a Minor

DATED: August 13, 2014

Respectfully submitted,

LAW OFFICE OF DEAN B. GORDON

/S/ DEAN B. GORDON  
DEAN B. GORDON  
Attorney for Plaintiffs KRISTINE LIVINGSTON, IZAAK MARK LIVINGSTON, a Minor, and JASON ALAN LIVINGSTON, and WESLEY ALEXANDER LIVINGSTON