1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| KRISTINE LIVINGSTON, et al. | Case No.  1:12-cv-01427-LJO-SKO |
| Plaintiffs, | |
| v. | ORDER GRANTING THE APPLICATION FOR MINOR'S COMPROMISE OF IZAAK MARK LIVINGSTON, A MINOR |
| KEMPERSPORTS MANAGEMENT, INC., | |
| Defendant. | |
| _____/ | |

12
13
14
15
16
17
18
19

## I.   INTRODUCTION

20   On May 6, 2014, a Settlement Conference was held in this case before the undersigned,

21  and the case settled.  (Docs. 59-67.)  On August 13, 2014, Plaintiff/Petitioner Kristine Livingston

22  ("Livingston") filed an Application of Petitioner Kristine Livingston, Guardian Ad Litem, for

23  Approval of Minor's Compromise for Izaak Mark Livingston, a Minor ("Minor's Petition").

24  (Doc. 69.)  Livingston is the mother and the court-appointed guardian *ad litem* of Minor Plaintiff

25  Izaak Mark Livingston ("Minor Plaintiff").

26   The Court has reviewed the Minor's Petition and supporting documents and determined

27  that this matter is suitable for decision without oral argument pursuant to the Local Rules of the

28  United States District Court, Eastern District of California, Rule 230(g).  For the reasons set forth

1    below, the Minor's Petition is APPROVED and GRANTED.

2                              **II.   BACKGROUND**

3            Kristine Livingston, individually and on behalf of Izaak Livingston (a minor), Jason Alan

4    Livingston, and Wesley Alexander Livingston (collectively "Plaintiffs") filed the Complaint

5    against Defendant Kempersports Management, Inc. ("Defendant") on March 14, 2012, in the Tulare

6    County Superior Court.  (Doc. 2.)  On April 30, 2012, the Tulare County Superior Court appointed

7    Kristine Livingston as the guardian *ad litem* for her son Izaak Livingston.  On August 30, 2012,

8    Defendant removed the action to this Court based on diversity.  (Doc. 2.)

9            Plaintiffs' complaint asserted claims stemming from the death of Mark Livingston, Kristine

10   Livingston's deceased husband and the father of Minor Plaintiff and adult sons Jason Livingston and

11   Wesley Livingston.  (Doc. 2, 12.)  In May 2007, Mark Livingston was hired as the Golf Course

12   Superintendent for Ridge Creek Dinuba Golf Club in the County of Tulare, California.  (Doc. 2, 13.)

13   In 2009, Defendant suspended Mark Livingston because other employees under his supervision were

14   engaging in timecard fraud.  Defendant ultimately terminated Mark Livingston's employment on

15   March 15, 2010.  Shortly thereafter, Mark Livingston suffered a heart attack and died on March 23,

16   2010. (Doc. 2, 13.)  Defendant later promoted the same employees who allegedly committed timecard

17   fraud to assume many of his duties, at lower pay rates than Mark's salary. (Doc. 2, 13.)

18           Plaintiffs alleged that Defendant discriminated against Mark Livingston, who was 55, in order

19   to replace him with younger and less expensive employees.  Plaintiffs asserted claims against

20   Defendant under California's Fair Employment and Housing Act ("FEHA") for age discrimination,

21   gender discrimination, several types of disability discrimination, and retaliation.  Plaintiffs alleged that

22   as a result of Mark Livingston's wrongful termination, he died of cardiac arrest.  Plaintiffs sought

23   damages for loss of economic support, loss of payment of medical bills, payment of funeral expenses,

24   general damages, attorney's fees, costs of suit, prejudgment interest, and other relief as the court

25   sought proper.  (Doc. 2, 18-31.)

26           The parties participated in a voluntary settlement conference before Magistrate Judge Sheila K.

27   Oberto on May 6, 2014.  At the settlement conference, the parties agreed that Petitioner would waive

28   all of her claims in this action against Defendant, and dismiss her claims with prejudice in exchange

for a waiver of costs and fees.  The parties also agreed that plaintiffs Wesley Livingston and Jason Livingston would dismiss their claims against Defendant with prejudice in exchange for a waiver of costs and fees.  (Doc. 65.)  As a result, the Minor Plaintiff's claim is the sole subject of the settlement.

At the settlement conference, Petitioner also agreed to resolve Izaak's claim against Defendant in exchange for a full release of all claims.  (Doc. 69, 3.)  The parties agreed that Defendant will pay a total of $57,500.00, structured as follows:

1)   Defendant will fund a structured settlement on behalf of the Minor Plaintiff with a present value of $25,000;

2)   Defendant will pay to Plaintiffs' attorney, Dean B. Gordon, $20,000 as reimbursement for his reasonable costs expended; and

3)   Defendant will pay to Plaintiffs' attorney, Dean B. Gordon, $12,550 as attorney fees.

On May 9, 2014, Defendant filed a Joint Notice of Settlement indicating the parties had settled the action and Plaintiffs would file a Stipulation for Dismissal with Prejudice within 30 days.  (Doc. 63.)  On June 10, 2014, Plaintiffs filed a Stipulation and Proposed Order dismissing all claims other than those of the Minor Plaintiff with prejudice, and the Court issued an order dismissing the claims of Kristine Livingston, Jason Livingston, and Wesley Livingston on June 13, 2014.  (Docs. 65, 67.)  On July 29, 2014, the Court issued a minute order reminding Plaintiffs that pursuant to the Order, an application for approval to compromise the claim of the Minor Plaintiff Izaak Mark Livingston was to be filed within two weeks by Plaintiffs' counsel.  (Doc. 68.) The Court ordered that Plaintiff Izaak Mark Livingston, through his guardian *ad litem* Kristine Livingston, file a Minor's Petition by no later than August 15, 2014.   Petitioner Kristine Livingston filed the Minor's Petition currently before the Court on August 13, 2014.

### III.   DISCUSSION

**A.     Legal Standard for Compromise of Minor's Claim**

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors.  Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c).  In the

1   context of proposed settlements in suits involving minor plaintiffs, the district court's special duty

2   requires it to "conduct its own inquiry to determine whether the settlement serves the best interests

3   of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v.*

4   *Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (internal citation marks omitted)).

5        In *Robidoux*, the United States Court of Appeals for the Ninth Circuit provided specific

6   guidance "on how to conduct this independent inquiry." *Robidoux*, 638 F.3d at 1181.  While the

7   Ninth Circuit noted that district courts have typically applied state law and the local rules

8   governing the award of attorney's fees to make the reasonableness and fairness determination, the

9   court held that "this approach places an undue emphasis on the amount of attorney's fees provided

10  for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the

11  proposed agreement." *Id*.  The Ninth Circuit held that, instead, district courts should "limit the

12  scope of their review to the question whether the net amount distributed to each minor plaintiff in

13  the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim,

14  and recovery in similar cases." *Id*.  at 1181-82.  Further, the fairness of each minor plaintiff's net

15  recovery should be evaluated "without regard to the proportion of the total settlement value

16  designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no

17  special duty to safeguard." *Id*. at 1182 (citing *Dacanay*, 573 F.2d at 1078).

18       Local Rule 202(b) sets forth that "[n]o claim by or against a minor or incompetent person

19  may be settled or compromised absent an order by the Court approving the settlement or

20  compromise."  Local Rule 202(b)(2) further provides in pertinent part that an application for

21  approval of a settlement of a minor:

22           shall disclose, among other things, the age and sex of the minor or incompetent, the
            nature of the causes of action to be settled or compromised, the facts and
23           circumstances out of which the causes of action arose, including the time, place and
            persons involved, the manner in which the compromise amount or other
24           consideration was determined, including such additional information as may be
            required to enable the Court to determine the fairness of the settlement or
25           compromise . . .

26  ///

27  ///

28  ///

4

**B.      Terms of the Compromise Settlement**

The Minor's Petition sets forth that Minor Plaintiff Izaak was born on July 29, 2010, four and a half months after his father Mark Livingston passed away. (Doc. 69, ¶ 1.)  The Minor's Petition presents the facts and circumstance of the case and indicates the manner in which a settlement was reached.  (Doc. 69, ¶¶ 6-25.)

The Minor's Petition establishes that, out of the total global settlement amount of $57,500, Plaintiffs' counsel will receive $20,000 in costs and $12,500 in attorney's fees, which represents 33.3% of the settlement amount after costs. (Doc. 69, ¶ 21.)  Minor Plaintiff Izaak will receive the net settlement amount of $25,000.  (Doc. 69, ¶ 18; Doc. 69-1, 11.)  The proposed Structured Settlement has a present value of $25,000 and will fund an annuity, which including interest will pay $8,777.16 per annum for five years to Minor Plaintiff Izaak when he attains majority.  With interest, the total guaranteed amount is $43,885.80.  (Doc. 69-1, ¶¶ 18-19; Exh. B.)  The Court must thus determine whether the amount allocated for the Minor Plaintiff is reasonable and fair.

**C.      The Reasonableness and Fairness of the Settlement Amount**

In *Robidoux*, the Ninth Circuit directed district courts considering the compromise of a minor's claim to examine the fairness and reasonableness of the net settlement amount in view of the facts of the case, the minor's specific claim, and the recovery in similar cases.  *Robidoux*, 638 F.3d at 1181-82.  Here, the settlement agreement was reached following an all-day settlement conference before the undersigned.  As such, the Court is familiar with the facts of this case and the representations made by the parties concerning the Minor Plaintiff Izaak's injuries and damages.

The Court notes that the Minor Plaintiff was not yet born during the incidents leading to Plaintiffs' suit, and therefore does not have memory of the events on which this suit is predicated. (Doc. 69, ¶ 1.)  The Minor Plaintiff does not seek any out-of-pocket medical expenses as a result of Defendant's purported actions.  (Doc. 69, ¶ 20.)  While the Minor Plaintiff will suffer the loss of his father, he did not know his father.  The Minor's Petition states that it is in Minor Plaintiff's best interest to resolve the case pursuant to the terms of the settlement and that the settlement is fair and reasonable to the Minor Plaintiff under the circumstances of this case.  (Doc. 69, ¶ 25.)

1    Plaintiffs filed this action in 2012, and the facts of the case were thoroughly investigated

2    and developed over the course of litigation.   The parties concluded discovery prior to the

3    settlement conference in May 2014.   The Court notes that Defendant had filed a motion for

4    summary judgment, which was pending at the time of settlement, and Plaintiffs acknowledged

5    there was always risk and uncertainty regarding the outcome of that motion as well as at trial.

6    (*See* Docs. 55, 69-1 at ¶ 14.)   A settlement, however, ensures that the Minor Plaintiff receives

7    compensation for his claims.

8    After reviewing the facts of this case, including that the Minor Plaintiff Izaak was not yet

9    born at the time of the events, as well as considering additional representations made by the parties

10   during the settlement conference and recognizing the uncertainty of further litigating the claims,

11   the Court finds the settlement amount allotted to Minor Plaintiff Izaak of $25,000 to be fair and

12   reasonable.

13   The Declaration of Dean B. Gordon establishes that the amount payable to the Minor

14   Plaintiff has a present value of $25,000, and will fund an annuity which will pay $8,777.16 per

15   annum for five years to the Minor Plaintiff when he attains majority.   However, neither the

16   Minor's Petition nor Mr. Gordon's Declaration specify a financial institution at which the funds

17   will be deposited.   The Court will require that the proposed net settlement amounts be deposited in

18   blocked accounts by the Minor Plaintiff's guardian *ad litem* at federally insured financial

19   institutions to be held there until the Minor Plaintiff reaches the age of majority.

20   Within 72 hours of receipt of a check payable to the order of the Petitioner as Trustee for

21   the Minor Plaintiff, the Minor Plaintiff's settlement amount shall be placed into a blocked account

22   for the benefit of the Minor Plaintiff, and shall be transferred to the Minor Plaintiff's custody when

23   he reaches the age of 18.   No withdrawals of principal or interest may be made from the blocked

24   account without a written order under this case name and number, signed by a judge, and bearing

25   the seal of this court, until the Minor Plaintiff attains the age of 18 years.   *See* Local Rule 202(f).

26   When the Minor Plaintiff attains the age of 18 years, the depository, without further order of this

27   Court, is authorized and directed to pay by check or draft directly to the former Minor Plaintiff,

28   upon proper demand, all monies including interest deposited under this order.   The money on

1    deposit is not subject to escheat.  Plaintiffs' attorney and the guardian *ad litem* shall deliver to the

2    depository a copy of this order at the time of deposit.

3                                  **IV.    CONCLUSION AND ORDER**

4             Accordingly, IT IS HEREBY ORDERED that:

5        1.      The proposed settlement between Minor Plaintiff Izaak Mark Livingston and

6                Defendant is APPROVED as fair and reasonable;

7        2.      The Application of Petitioner Kristine Livingston, Guardian Ad Litem, for

8                Approval of Minor's Compromise for Izaak Mark Livingston, a Minor, is

9                GRANTED;

10       3.      Minor Plaintiff Izaak Livingston shall receive $25,000 by way of settlement;

11       4.      Within 72 hours of receipt of a check payable to the order of Petitioner as the

12               Trustee for the Minor Plaintiff, the Petitioner shall deposit the check in a blocked

13               account at a federally insured bank or credit union;

14       5.      The respective settlement amounts shall be transferrable to the Minor Plaintiff's

15               custody at the rate of $8,777.16 per annum beginning when the Minor Plaintiff

16               reaches the age of 18;

17       6.      Petitioner and Minor Plaintiff's attorney shall deliver to the depository a copy of

18               this order at the time of deposit;

19       7.      No withdrawals of principal or interest may be made from the blocked accounts

20               without a written order under this case name and number, signed by a judge, and

21               bearing the seal of this court, until the Minor Plaintiff attains the age of 18 years.

22               When the Minor Plaintiff attains the age of 18 years, the depository, without further

23               order of this Court, is authorized and directed to pay by check or draft directly to

24               the former Minor Plaintiff, upon proper demand, all monies including interest

25               deposited under this order.  The money on deposit is not subject to escheat; and

26   ///

27   ///

28

8.    The parties' final dismissal documents shall be filed no later than September 22, 2014.

IT IS SO ORDERED.

Dated:    **August 28, 2014**                          **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE